# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL INTERSTATE INSURANCE COMPANY,<br><br>               Plaintiff,<br><br>   v.<br><br>MIKE TAMANA FREIGHT LINES, LLC, et al.,<br><br>               Defendants. | Case No. 1:20-cv-01829-DAD-SAB<br><br>ORDER REQUIRING PARTIES TO PAY SANCTIONS OF $100 PER DAY<br><br>(ECF No. 24) |

## I.

## BACKGROUND

On March 17, 2022, the parties submitted a notice of settlement. (ECF No. 20.) On March 18, 2022, the Court issued an order vacating all matters and requiring the parties to file dispositional documents by April 7, 2022. (ECF No. 21.) As of April 7, 2022, the parties had not filed anything, and on April 11, 2022, the Court issued an order to show cause why monetary sanctions should not issue for the failure to comply with the Court's orders. (ECF No. 22.) On April 15, 2022, based on the parties' response, the Court discharged the order to show cause and ordered the parties to file dispositional documents on or before May 6, 2022. (ECF No. 24.) The order expressly stated that the failure to comply with the order would result in the imposition of sanctions. (Id. at 2.) The May 6, 2022 deadline has passed and the parties have filed no

dispositional documents nor made any request for an extension of the deadline.

## II.

## LEGAL STANDARD

The Federal Rules of Civil Procedure provides that the underlying purpose of the rules is to secure the just, speedy and inexpensive determination" of an action. Fed. R. Civ. P. 1. To effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings. See, e.g., Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b). Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The Court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991). The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court. Roadway Exp., Inc. v. Piper, 447 U.S. 752, 764 (1980). In order to coerce a defendant to comply with the Court's orders, the Court may issue sanctions for every day the defendant fails to respond to the Court's orders to show cause. See Lasar v. Ford Motor Co., 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do.").

Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. L.R. 110. Further, "[i]n the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney." E.D. Cal. L.R. 184(a). "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice." Id.

**III.**

**DISCUSSION**

Here, the parties have repeatedly failed to comply with the Court's orders, most recently, the Court's April 15, 2022 order requiring dispositional documents to be filed on or before May 6, 2022. (ECF No. 24.) Given the express statement that sanctions would be imposed, the Court finds that monetary sanctions are appropriate to compel the parties to comply with this Court's orders. Therefore, a daily sanction shall be imposed to compel the parties to comply. The parties shall pay a sanction of $100.00 for each day that the parties fail to file dispositional documents as ordered to do so. A $100.00 sanction shall be jointly and severally imposed on the parties on May 9, 2022, and shall continue to be imposed each day thereafter until dispositional documents or other filing addressing the Court's April 15, 2022 order is filed. The parties' filing of dispositional documents on May 9, 2022 will not relieve the parties of the sanction imposed on May 9, 2022. Further, the daily deadline shall expire at the close of business each day, 5:00 p.m.

**IV.**

**ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that the parties shall pay the Clerk of the Court $100.00 per day, beginning on May 9, 2022, until the parties file dispositional documents or otherwise respond to the Court's April 15, 2022 order.

IT IS SO ORDERED.

Dated:   **May 9, 2022**

UNITED STATES MAGISTRATE JUDGE