# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL INTERSTATE INSURANCE COMPANY, | Case No. 1:20-cv-01829-DAD-SAB |
| Plaintiff, | ORDER DENYING MOTION TO STAY ACTION, REQUIRING PAYMENT OF $100 IN SANCTIONS, DISCHARGING FURTHER SANCTIONS, AND REQUIRING PARTIES TO FILE DISPOSITIONAL DOCUMENTS |
| v. | |
| MIKE TAMANA FREIGHT LINES, LLC, et al., | (ECF Nos. 24, 25, 26) |
| Defendants. | **FIVE DAY DEADLINE** |

On March 17, 2022, the parties submitted a notice of settlement. (ECF No. 20.) On March 18, 2022, the Court issued an order vacating all matters and requiring the parties to file dispositional documents by April 7, 2022. (ECF No. 21.) As of April 7, 2022, the parties had not filed anything, and on April 11, 2022, the Court issued an order to show cause why monetary sanctions should not issue for the failure to comply with the Court's orders. (ECF No. 22.) On April 15, 2022, based on the parties' response, the Court discharged the order to show cause and ordered the parties to file dispositional documents on or before May 6, 2022. (ECF No. 24.) The order expressly stated that the failure to comply with the order would result in the imposition of sanctions. (Id. at 2.) After the May 6, 2022 deadline passed and the parties filed no dispositional documents nor made any request for an extension of the deadline, on May 9, 2022, the Court issued an order imposing daily sanctions of $100 on the parties until dispositional documents are

filed, or the order April 15, 2022 order is otherwise addressed. (ECF No. 25.) On the same date, May 9, 2022, the parties filed a stipulated request to stay this action for a period of two years, until May 30, 2024, to allow for the parties to complete the terms of their fully executed settlement agreement that provides for the settlement sum to be paid in installments over a period of two years. (ECF No. 26.)

The Court finds insufficient cause for this Court to hold this action in a stayed status for a period of two years, simply for the parties to complete the payment obligations under their settlement agreement. The payment of monetary settlement amounts after dismissal of an action is entirely routine and standard, and the parties have not presented any specific factual circumstances, nor legal justification for their request. The fact that the parties only made a request to stay this action nearly two months after informing the Court of their settlement, and after an order to show cause and order imposing sanctions for the failure to file dispositional documents were issued, reflects poorly on the necessity of the instant request.

The parties did not address the failure to file dispositional documents by the deadline nor made any reference to or request to discharge further daily sanctions. Nonetheless, in the interest of expediency, the Court shall discharge further sanctions and allow the parties an additional five (5) days to file dispositional documents. While the Court finds no good cause to grant the requested two year stay of this action, the parties may consider a request that the Court retain jurisdiction to enforce the settlement agreement after dismissal. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381–82 (1994). However, the parties must make a sufficient showing of good cause to do so, as the Court is generally disinclined to retain jurisdiction, and the mere fact that payments on a settlement agreement are to be made after a case is dismissed is entirely routine and does not demonstrate good cause to deviate from the Court's general practice.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The parties' motion to stay this action (ECF No. 26) is DENIED;
2. The parties shall jointly and severally be obligated to pay the Clerk of the Court $100.00 in sanctions **within five days of entry of this order**;
3. The Court's May 9, 2022 order requiring daily sanctions, and any further sanctions

arising therefrom (ECF No. 25) is hereby DISCHARGED; and

4. The parties shall file dispositional documents **within five (5) days of entry of this order.**

IT IS SO ORDERED.

Dated: __May 10, 2022__

UNITED STATES MAGISTRATE JUDGE