# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL INTERSTATE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MIKE TAMANA FREIGHT LINES, LLC, et al.,<br><br>Defendants. | Case No. 1:20-cv-01829-DAD-SAB<br><br>ORDER DENYING MOTION TO RELIEVE PARTIES OF SANCTION AND REQUIRING PARTIES TO PAY SANCTION OF $100<br><br>ORDER DIRECTING CLERK OF COURT TO CLOSE CASE AND ADJUST THE DOCKET TO REFLECT VOLUNTARY DISMISSAL PURSUANT TO RULE 41(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE<br><br>(ECF Nos. 25, 26, 27, 28, 29)<br><br>**MAY 18 DEADLINE TO PAY SANCTION** |

On March 17, 2022, Plaintiff filed a notice of settlement, and the Court ordered dispositional documents to be filed on or before April 7, 2022. (ECF Nos. 20, 21.) On April 11, 2022, following the parties' failure to file dispositional document, the Court issued an order to show cause why sanctions should not be imposed for the failure to file such documents. (ECF No. 22.) On April 14, 2022, the parties filed a response to the order to show cause, and expressly requested the deadline to file dispositional documents be extended until May 6, 2022. (ECF No. 23.) On April 15, 2022, the Court discharged the order to show cause and required the parties to file dispositional documents on or before May 6, 2022, as requested by the parties. (ECF No. 24.) The May 6, 2022 deadline, requested by the parties, appeared in the text of the docket entry in

1

1 bold, appeared in the caption title of the order in bold, and appeared in the body of the Court's
2 order, in bold. (ECF No. 24.)

3       On Monday, May 9, 2022, following the expiration of the second deadline to file
4 dispositional documents, the Court imposed a daily sanction of $100 to begin on May 9, 2022,
5 and to continue daily until dispositional documents were filed. (ECF No. 25.) On May 9, 2022,
6 in response to the Court's sanction order, the parties filed a stipulated request to stay this action
7 for two years until the settlement obligations were paid in full. (ECF No. 26.) The filing did not
8 address the parties' failure to file dispositional documents nor the sanctions. On May 10, 2022,
9 the Court denied the parties' request to stay this action, discharged further sanctions, ordered the
10 parties to pay the Clerk of the Court $100 dollars within five days of entry of the order, and
11 ordered dispositional documents to be filed within five days of entry of the order. (ECF No. 27.)

12       On May 13, 2022, the parties filed a joint statement regarding the imposition of sanctions,
13 as well as a stipulated Rule 41 dismissal of this action. (ECF Nos. 28, 29.) The parties proffer
14 that due to calendaring errors, counsel for both Plaintiff and Defendants missed the May 6, 2022
15 deadline to file dispositional documents, and "[u]pon realizing the mistake, the parties promptly
16 filed the dispositional documents." (ECF No. 28 at 2.) The parties apologize for the mutual
17 mistake, and request the sanctions be discharged. (Id.)

18       The Court does not find good cause to discharge the $100 joint sanction based on a proffer
19 of a calendaring error. This is not the first time the parties missed the deadline to file
20 dispositional documents in this action resulting in the issuance of an order to show cause.
21 Further, the parties expressly requested the May 6, 2022 deadline, and the deadline appeared in
22 the text of the docket entry in bold, appeared in the caption title of the order in bold, and appeared
23 in the body of the Court's order, in bold. (ECF No. 24.) Finally, while the parties proffer they
24 promptly filed dispositional documents upon realizing the mistake, they in fact instead filed a
25 request to stay this action for two years and did not address the failure to file dispositional
26 documents by the deadline. (ECF No. 26.) For these reasons the Court shall decline to relieve
27 the parties of their obligation to pay sanctions already imposed.

28       Further, the Court shall enter their stipulation of dismissal and close this action. In light

of the stipulation of the parties, this action has been terminated, Fed. R. Civ. P. 41(a)(1)(A)(ii); <u>Wilson v. City of San Jose</u>, 111 F.3d 688, 692 (9th Cir. 1997), and has been dismissed with prejudice and without an award of costs or attorneys' fees.  (ECF No. 29.)

Accordingly, IT IS HEREBY ORDERED that:

1. The parties' motion for relief from sanctions is DENIED;
2. The parties shall pay the sanction of $100.00 to the Clerk of the Court, **on or before May 18, 2022**; and
3. The Clerk of the Court is HEREBY ORDERED to CLOSE the file in this case and adjust the docket to reflect voluntary dismissal of this action pursuant to Rule 41(a).

IT IS SO ORDERED.

Dated:   **May 16, 2022**

UNITED STATES MAGISTRATE JUDGE